In an action to recover for personal injuries and loss of services, it appears that a high school student suffered injuries to his eye when he was struck by a blackboard eraser thrown by a classmate, one Blundo, shortly prior to the arrival of the teacher in the room. The classmate had on two prior occasions thrown such missiles in the classroom but had caused no injuries. The appellant had knowledge of such prior incidents, and had required the classmate to remain outside the room until the arrival of the teacher. Such requirement was enforced for about a month and a half. About two weeks prior to the incident in suit, the requirement was relaxed and the classmate was permitted to enter the room prior to the arrival of the teacher. Nothing dangerous took place during that two weeks’ prior period, but at the end *935 thereof the incident in suit took place. Judgment, entered on the verdict of a jury in favor of respondents, reversed on the law and the facts and a new trial granted, with costs to abide the event. It was error to submit to the jury the question of whether or not the school authorities were negligent in respect of the sufficiency of the steps taken to afford protection to pupils in view of their knowledge of the past conduct of the pupil Blundo. The principal measure resorted to was that of keeping the pupil out of the school room until his teacher arrived. During the period of time that that measure was enforced no injuries occurred; and the sufficiency of the measure is therefore not causally connected with the plaintiff’s injury, and was not a material issue for the jury’s consideration. The material issue was whether or not it was reasonable, under the circumstances, for the teacher Daar to have permitted Blundo to return to the classroom after the latter had been excluded therefrom for a period of one and a half months, and in that respect the substance of the request at folio 553 should have been granted. Nolan, P. J., Johnston, Adel and MacCrate, JJ., concur; Wenzel, J., concurs for reversal of the judgment but dissents as to granting a new trial and votes to dismiss the complaint on the ground that plaintiffs failed to establish a cause of action against the board of education.